360

## In re PITTSBURGH RYS. CO.
### No. 20225.

District Court, W. D. Pennsylvania.
Jan. 26, 1948.

J. Henry O'Neill, J. Garfield Houston and Wells Fay (of Blaxter, O'Neill & Houston), all of Pittsburgh, Pa., for Trustees of Pittsburgh Rys. Co.

Hymen Schlesinger, of Pittsburgh, Pa., for Bessie Diggs and others.

McVICAR, District Judge.

This action is now before the Court on the petition of Bessie Diggs, Judgment Creditor of Debtor herein, Thomas J. Fitzpatrick, President Local 601 and District 6, United Electrical, Radio & Machine Workers of America, Harold K. Briney, President Local 610 United Electrical, Radio & Machine Workers of America, Clyde Johnson, Business Agent Local 610, United Electrical, Radio & Machine Workers of America, and S. Steven Rosner, District 6, Representative United States Electrical, Radio & Machine Workers of America. Petitioners pray for an order restraining the Trustees of the Pittsburgh Railways Company from continuing in effect and operation, the increased fares allowed, and directing the Trustees, on such fare increases, to discontinue all proceedings relative to such fare increases before the Public Utility Commission of the Commonwealth of Pennsylvania and to restore in operation the schedule of tariff and fares in effect on January 4, 1948. Hearing was held on said petition and the answer filed thereto by the Trustees of the Pittsburgh Railways Company. Notice of said hearing was sent to all parties in interest.

Plaintiffs contend that the Trustees of the Pittsburgh Railways Company made application to the Public Utility Commission of the Commonwealth of Pennsylvania for increases in trolley, bus and incline fares and aver that said fare increases are void for the reason that the Trustees failed to ob-

tain prior approval from this Court for such fare increases.

█ The Trustees had authority from this Court to make application to the Public Utility Commission of the Commonwealth of Pennsylvania for an increase in fares and a change of its tariffs. This authority was given by an order of this Court made shortly after the reorganization proceedings was initiated, on July 22, 1938. In said order is the following direction: "that the Trustees are hereby authorized and empowered to institute, prosecute, compromise, settle, intervene in or become a party to such actions, suits or proceedings at law or in equity, or under any statute or before any commission, including such actions, suits or proceedings already instituted and whether the Debtor is already a party therein or not, as may in their judgment be necessary or expedient for the protection, maintenance and preservation of the property and estate in possession of and/or owned by the Debtor or of the business of the debtor; * * *"

█ There is a question whether express authority from this Court is necessary before the filing of a new schedule of rates with the Public Utility Commission of the Commonwealth of Pennsylvania and for an order from said Commission for its approval. If such an order is necessary and such authority had not been given, an application could still be made for ratification of the acts of the Trustees in filing a new schedule of rates and for the approval thereof.

█ Petitioners contend, also, that the prayer of their petition should be granted, for the reason that procedure on the new schedule of rates will delay the reorganization proceedings indefinitely. There is no evidence that said action would delay the reorganization proceedings. I do not see any reason why it should.

█ The Pennsylvania Public Utility Law, 66 P.S. § 1101 et seq., confers upon the Public Utility Commission the exclusive jurisdiction to regulate and determine the rates and fares of public utilities such as the debtor and its subsidiaries. This Court is without jurisdiction to approve rates or to regulate and determine the amount thereof.

The petitioners are in the wrong Court. Their rights, if any, can be fully protected by the Public Utility Commission of the Commonwealth of Pennsylvania. The petition should be dismissed.